IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROBERT M. HIGGINS; CHICAGO TITLE
LAND TRUST CO., as the Successor Trustee of
THE BANK OF EDWARDSVILLE u/t/a No.
3627; TERRY D. BLASA REVOCABLE
LIVING TRUST; CLAY COUNTY, ILLINOIS;
and FARM CREDIT SERVICES OF ILLINOIS,
FLCA,

    Defendants.

NO. 12-cv-254-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of the plaintiff United States of America to vacate the judgment in this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (Doc. 45). No defendant has responded to the motion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of GMC*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

In the case at bar, the Court entered judgment after having been informed by the parties that this matter had settled and after allowing the parties sixty days to consummate the settlement, at

which time the Court would dismiss the case with prejudice (Doc. 41). The Court informed the parties at the time they communicated their settlement to the Court that if they needed more than sixty days, they could petition the Court to delay entry of judgment until a later date. The Court did not hear from either party within those sixty days, so it entered judgment of dismissal with prejudice on July 9, 2013 (Doc. 42). It appears from the pending motion that the parties have been unable to consummate the settlement in a timely fashion as they contemplated at the time of the settlement and that the failure to notify the Court of this within the sixty-day window was due to counsel's excusable neglect.

Excusable neglect can justify relief under Rule 60(b)(1). It can include omissions through an attorney's carelessness and mistake. *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (attorney's negligence in meeting summary judgment briefing deadline may be excusable neglect) (citing *In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) ("excusable neglect" in bankruptcy context). A court should determine whether an attorney's neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *In re Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

Here, it appears the failure to contact the Court in a timely manner prior to entry of judgment was an oversight. Counsel for the United States sought to vacate the judgment promptly in order to obtain a just result – the resolution of this case as to defendant Robert Higgins, who has been defaulted, in accordance with his stipulation. It further appears that vacating the

judgment will cause no prejudice to the defendants. Accordingly, the Court **GRANTS** the motion to vacate (Doc. 45), **VACATES** the judgment in this case (Doc. 42) and **ORDERS** that a telephone status conference for all non-defaulted parties in this case shall be held on August 16, 2013, at 9 a.m. to discuss how to proceed. The parties shall call the Court at 618-439-7733.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant Higgins.

**IT IS SO ORDERED.**
**DATED: July 31, 2013**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**