IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT M. HIGGINS, CHICAGO TITLE LAND TRUST COMPANY as the Successor Trustee of The Bank of Edwardsville u/t/a No. 3627, TERRY D. BLASA REVOCABLE LIVING TRUST, CLAY COUNTY, ILLINOIS, and FARM CREDIT SERVICES OF ILLINOIS, FLCA,<br><br>        Defendants. | Civil No. 12-cv-254-JPG-PMF |

## **JUDGMENT**

This matter having come before the Court, the parties having stipulated to resolution of some claims and the Court having rendered judgment by default as to others,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the plaintiff United States of America and against defendant Robert M. Higgins for income taxes, penalties, and interest for the tax years 1997, 1998, 1999, 2001, 2002, 2008, and employment taxes (Form 941), penalties, and interest for the 3rd and 4th Quarters of 2003, all quarters in 2004, 2nd, 3rd and 4th Quarters of 2005, and 1st, 2nd and 3rd Quarters of 2006, in the amount of $193,575.09, plus statutory additions from and after June 1, 2013, including interest pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c);

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff United States of America is entitled to enforce its federal tax liens associated with the aforementioned tax liabilities against:

(a) 259 acres of farmland known as Rural Blair Township, Clay County, Illinois (the "Farmland Property"), more specifically described as:

> The North One-half (N1/2) of the Southwest Quarter (SW1/4); the West One-half (W1/2) of the Southeast Quarter (SE1/4); the East One-half (E1/2) of Lot Number One (1) of the Northwest Quarter (NW1/4) LESS AND EXCEPT 66 feet off the West side thereof; the East One-half (E1/2) of Lot Number Two (2) of the Northwest Quarter (NW1/4) excepting therefrom 2.19 acres off

1

the West side thereof; ALSO LESS AND EXCEPT Twenty (20) acres of even width off the North side thereof, excepting Forty (40) feet of even width off the Eastside thereof; the Southwest Quarter (SW1/4) of the Northeast Quarter (NE1/4); all of the above in Section 5, Township 5 North, Range 6 East of the Third Principal Meridian, Clay County, Illinois.

The Farmland Property consists of five permanent parcels numbers: (1) Track A – 02-05-300-001, 38 acres; (2) Track B – 02-05-400-001, 21.98 acres; (3) Track C – 02-05-100-007, 40 acres; (4) Track D – 02-05-100-009, 80 acres; and (5) Track E – 02-05-200-002, 80 acres. *See* Clay County Recorder at D166267 and D173924, Pages 2 of 3.

Being the property conveyed to the Bank of Edwardsville, Trustee under Trust Agreement No. 3627 (the Higgins Land Trust), by warrantee deed, dated January 24, 2003, and recorded with the Recorders Office of Clay County on February 21, 2003, at Microfilmed Document Number 143.378.

and (b) a property known as 5 Industrial Drive, Jerseyville, Illinois, 62052 (the "Jerseyville Property"), more specifically described as:

Part of the Southwest Quarter of the Northwest Quarter of Section 27, Township 8 North, Range 11 West of the Third Principal Meridian, City of Jerseyville, Jersey County, Illinois, more particularly described as follows: Commencing at a nail found at the Southeast Corner of the Southwest Quarter of the Northwest Quarter of said Section 27, and thence on an assumed bearing of South 89 Degrees 58 Minutes 24 Seconds West along the South line of said Quarter- Quarter Section, a distance of 330.07 feet; thence leaving said South line, North 00 Degrees 01 Minutes 03 Seconds West, along the South extension of the East line of Tract 5 of the Industrial Park Tracts, a distance of 20.00 feet to an iron pin found for the point of beginning; thence continuing North 00 Degrees 01 Minutes 03 Second West, a distance of 849.71 feet to an iron pin set on the Northerly right of way of an existing 80 foot wide right of way; thence South 89 Degrees 59 Minutes 30 Seconds West, a distance of 178.47 feet to an iron pin found; thence South 00 Degrees 01 Minutes 09 Seconds West, a distance of 45.55 feet to an iron pin set; thence South 89 Degrees 59 Minutes 30 Seconds West, a distance of 117.41 feet to an iron pin set; thence South 00 Degrees 03 Minutes 39 Seconds West a distance of 304.32 feet to an iron pin set; thence North 89 Degrees 55 Minutes 10 Seconds East, a distance of 23.67 feet to an iron pin found; thence South 00 Degrees 07 Minutes 10 Seconds West, a distance of 474.27 feet to an iron pin set; thence South 58

> Degrees 23 minutes 14 Seconds East, a distance of 49.07 feet to an iron pin set on the Northerly right of way of County Road; thence North 89 Degrees 57 Minutes 41 Seconds East, along said Northerly right of way, a distance of 232.01 feet to the point of beginning, containing 5.37 acres, more or less, situated in the County of Jersey and State of Illinois. Parcel ID No: 42-04-207-010-60. Jersey County Recorder at Book 1019, Page 310 – 12.
>
> Being the property conveyed to the Bank of Edwardsville u/t/a No. 3627, as trustee of the Higgins Land Trust, by warrantee deed, dated January 24, 2003, and recorded with the Jersey County Recorder at Book 1019, Page 310.

to collect the aforementioned tax liabilities against defendant Robert M. Higgins and any real estate taxes due and owing on the properties;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff United States of America's claims against the defendants Terry D. Blasa Revocable Living Trust and Farm Credit Services of Illinois, FLCA, are hereby resolved pursuant to the Joint Stipulation, filed on October 17, 2013 (Doc. 31), and the plaintiff United States of America's claims against the defendant Chicago Title Land Trust Company is hereby resolved pursuant to the Joint Stipulation, filed on September 3, 2013 (Doc. 49);

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of the plaintiff United States of America against the defendant Clay County, Illinois, holding the defendant Clay County has no right, title, lien, claim or interest in either the Farmland Property or the Jerseyville Property, which results from the plaintiff United States of America's request for an entry of default judgment;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that defendants, Terry D. Blasa Revocable Living Trust and Farm Credit Services of Illinois, FLCA, have no right, title, lien, claim or interest in the Jerseyville Property;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff United States of America may have the aforementioned properties sold by judicial sale free and clear of all rights, titles, liens, claims and interests of the parties to this case; that defendant Robert M. Higgins shall have no right to redeem, except that if defendant Robert M. Higgins fully pays the plaintiff United States of America before the date of auction the total tax liability of $193,575,09, plus interest and other statutory additions from June 1, 2013, this judgment shall be marked as satisfied and the plaintiff United States of America shall release its federal tax liens from the properties, which shall be deemed satisfied;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that, after payment of costs of sale, the net proceeds of the sale of the Farmland Property shall be paid as follows:

   a. First, to satisfy any property taxes due and owing in accordance with 26 U.S.C. § 6323(b)(6);

   b. Satisfaction of the amount of $239,127.93, as of November 8, 2013 with interest accruing at a rate of $27.8750 per day thereafter until paid in full, to Farm Credit Services of Illinois, FLCA, under the mortgage dated and recorded May 26, 2011;

   c. Satisfaction of the tax liability due and owing to the plaintiff United States for the aforementioned tax liabilities;

   d. Satisfaction of the amount of $315,647.88, as of November 8, 2013, plus interest accruing at a rate of $68.07 per day until paid in full, to defendant Terry D. Blasa Revocable Living Trust arising from the real estate escrow contract dated May 26, 2011, less the amount paid to defendant Farm Credit Services of Illinois, FLCA, under paragraph b of this order;

   e. Satisfaction of the amount of $9,660 to the defendant Chicago Title Land Trust Co. as Trustee to Land Trust No. 3627 (the Higgins Land Trust) pursuant to the Trust Agreement; and

   f. If there are any remaining proceeds, the remainder will go to defendant Robert M. Higgins.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that, after payment of costs of sale, the net proceeds of the sale of the Jerseyville Property shall be paid as follows:

   a. First, to satisfy any property taxes due and owing in accordance with 26 U.S.C. § 6323(b)(6);

   b. Satisfaction of the tax liability due and owing to the plaintiff United States for the aforementioned tax liabilities;

   c. Satisfaction of the amount $9,660 to the defendant Chicago Title Land Trust Co. as Trustee to Land Trust No. 3627 (the Higgins Land Trust) pursuant to the Trust Agreement; and

   d. If there are any remaining proceeds, the remainder will go to defendant Robert M. Higgins.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that until each of aforementioned properties are sold, the defendant Robert M. Higgins shall take all reasonable steps necessary to preserve the value of each property (including all buildings, improvements, fixtures and appurtenances on the respective properties) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. He shall neither commit waste against the properties nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the properties nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential buyers, nor shall he cause or permit anyone else to do so;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that a separate order of sale shall be entered regarding the process upon which the aforementioned properties will be sold;

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that this judgment resolves all of the claims of all of the parties to this action, and so is a final judgment for purposes of appeal.


**SO ORDERED, ADJUGED, AND DECREED.**



**DATED:  December 13, 2013**
                              s/ J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **District Judge**